# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

EDWARD L. ZYBURO,

     **Plaintiff,**

v.                              **Case No.  8:12-cv-1065-T-30TBM**

NCSPLUS, INC.,

     **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for a More Definite Statement (Dkt. #3), and Plaintiff's Response (Dkt. #7).  Upon reviewing the motion, response, and being otherwise advised in the premises, the Court concludes that the motion should be denied.

### Background

Plaintiff Edward Zyburo alleges that Defendant NCSPlus, Inc. ("NCS") called him numerous times, and left him numerous voice mail messages, in an attempt to collect a debt from an individual named "Gene Cause."  Plaintiff contends that he informed Defendant, on numerous occasions, that he was not Gene Cause and repeatedly asked Defendant to stop calling.  According to Plaintiff, Defendant nonetheless continued to call.

Plaintiff subsequently brought claims against Defendant for violations of the Telephone Consumer Protection Act ("TCPA"), the Florida Consumer Collection Practices

Act ("FCCPA"), the Fair Debt Collection Practices Act ("FDCPA"), and for invasion of privacy. Defendant moves for a more definite statement, under Fed. R. Civ. P. 12(e).

## Discussion

Under Fed. R. Civ. P. 12(e), if a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." Fed. R. Civ. P. 12(e). Courts generally disfavor 12(e) motions because they are often used as delay tactics. *Dismuke v. Fla. Bd. of Governors*, 2005 WL 1668895, *2 (M.D. Fla. July 8, 2005). A court will grant such a motion, however, where a plaintiff's turbid complaint is so ambiguous such that it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

Defendant argues that Plaintiff's Complaint suffers from two deficiencies. First, Defendant contends that since each of the Complaint's four counts wholly incorporates the introductory factual section, it is unclear what facts apply to which claim. This Court disagrees. Plaintiff's introductory fact section is generally relevant to all of Plaintiff's claims. While certain particular paragraphs (for example, paragraph 6 and 7, which allege, respectively, that Plaintiff is a "consumer" and an "alleged debtor") may be relevant solely to Plaintiff's FDCPA and FCCPA claims, the incorporation of such facts into each count does not significantly subtract from the general clarity of Plaintiff's claims. Requiring Plaintiff to amend to exclude isolated paragraphs would not substantially promote clarity and

would waste scarce attorney resources. Accordingly, the Court concludes that Plaintiff should not be required to replead on this ground.

Second, Defendant contends that Count II and III, which each plead multiple causes of action, make it uncertain what claims Plaintiff intends to assert against Defendant. As a result, Defendant alleges that Plaintiff has violated Fed. R. Civ. P. 10(b), and thus, Plaintiff should be required to make a more definite statement.

Fed. R. Civ. P. 10(b) states, in relevant part, that "[*i*]*f doing so would promote clarity,* each claim founded on a separate transaction or occurrence...must be stated in a separate count." Fed. R. Civ. P. 10(b) (emphasis added). Here, the Court concludes that requiring Plaintiff to plead separate counts, as requested by Defendant, would not necessarily promote clarity and thus should not be required.

As it stands, Count II of Plaintiff's Complaint pleads multiple violations of the FCCPA, whereas Count III pleads multiple violations of the FDCPA. Defendant contends that such pleading makes it difficult for Defendant to determine the charges against it. This Court disagrees. In both Count II and Count III Plaintiff enumerates, in a separate paragraph, each distinct cause of action asserted against Defendant. Defendant is thereby put on notice of Plaintiff's claims. Moreover, having Plaintiff replead its Complaint in separate counts would not substantially promote clarity. As a result, the Court concludes that it is unnecessary to have Plaintiff replead its Complaint. *See, e.g., Melillo v. Shendell & Assocs.*, 2012 WL 253205, *1-2 (plaintiff's aggregation of three alleged violations of FDCPA was sufficiently clear such that separation of claims into separate counts was unnecessary).

In short, noting that Fed. R. Civ. P. 12(e) motions are disfavored, this Court concludes that Plaintiff's Complaint is sufficiently clear to put Defendant on notice as to Plaintiff's claims. As a result, the Court concludes that Defendant's motion should be denied.

It is therefore **ORDERED AND ADJUDGED** that:

1.     Defendant NCSPlus, Inc.'s Motion for a More Definite Statement (Dkt. #3) is hereby denied.

2.     Defendant NCSPlus, Inc. shall answer, or otherwise respond to Plaintiff's Complaint, within twenty (20) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on June 22, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Odd\2012\12-cv-1065.mfds.3.frm